

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

October 25, 1963

This Opinion
Affirms Opinion
# S-179

Honorable Wm. Hunter McLean
Chairman, State Board of Insurance
1110 San Jacinto
Austin 14, Texas

Opinion No. C-167

Re: Reconsideration of
Opinion S-179

Dear Mr. McLean:

Your recent opinion request states that the State Board of In-
surance now has under consideration insertion of the following
rule in the Texas General Basis Schedules:

"DEFERRED PAYMENT OF PREMIUMS. Unless other-
wise specifically provided in the General Basis
Schedules, interest of 6% per annum shall apply
to all premium payments deferred to an agreed
stipulated date. This provision, however, is
not intended to affect the usual customary open
accounts."

On October 22, 1955, the then Attorney General issued Opinion
No. S-179, summarized as follows:

"The Board of Insurance Commissioners of the
State of Texas does not have the authority to
regulate the rate of interest charged on deferred
premiums."

Opinion No. S-179 is based upon those portions of Articles
5.25 and 5.42, Texas Insurance Code, quoted as follows:

"Art. 5.25. Board Shall Fix Rates
The Board of Insurance Commissioners shall
have the sole and exclusive power and authority
and it shall be its duty to prescribe, fix, deter-
mine and promulgate the rates of premiums to be
charged and collected by fire insurance companies
transacting business in this State. Said Board
shall also have authority to alter or amend any
and all such rates of premiums so fixed and deter-
mined and adopted by it, and to raise or lower

-811-

the same, or any part thereof, as herein pro-
vided."  (Emphasis supplied)


"Art. 5.42.  Not Retroactive
     The provisions of this subchapter shall
not deal with the collection of premiums, but
each company shall be permitted to make such
rules and regulations as it may deem just be-
tween the company, its agents, and its policy-
holders; and no bona fide extension of credit
shall be construed as a discrimination, or in
violation of the provisions of this subchapter."

This opinion concludes by holding that the Board "does not have the
authority to regulate the rate of interest charged by companies on
deferred premiums, as the amount of interest charged is not a part
of the policy premium determined by the Board, but constitutes a
charge separate and apart from the policy premium. . ."

     We are not directed to any statute purporting to give the
State Board of Insurance authority to regulate the rate of interest
to be charged on deferred premiums on fire insurance.  On the con-
trary, Articles 5.25 and 5.26, Texas Insurance Code, give the Board
authority to regulate premium rates, while Article 5.42 constitutes
express legislative permission for the deferment of premium pay-
ments and the adoption of regulations by each insurance company
concerning the collection of such premiums.

     In the case of Commercial Standard Insurance Company v. Board
of Insurance Commissioners, 34 S.W.2d 343 (Civ.App. 1930, error ref.),
the issue before the Court was whether or not the Board had author-
ity to promulgate an order fixing the amount of commissions which
fire insurance companies might pay to their local agents.  The
Court noted the statutes controlling the regulation of fire insur-
ance (now subchapter C of Chapter 5 of the Insurance Code) and
stated that:

     "The statutes vest in said Board very ex-
tensive and exclusive powers over premium rates
and provide for securing information on which
to fix, alter, amend, or modify same."

     This is still true of these statutes.  In the course of its
opinion denying the Board's authority to fix the amount of commis-
sion, the Court went on to hold as follows:

"In all instances, however, such powers re-
late to fixing maximum premium rates; and no-
where is any express authority given by law to
regulate or control any of the items, elements,
or charges, entering into or going to make up
the aggregate premium rate.

". . .

". . .these statutes, having undertaken in
considerable detail to prescribe the powers
and duties of the Board relative to such maxi-
mum rate only, without giving authority to them
to fix or regulate the different elements of
expense entering into that rate, must be con-
strued as a legislative denial of such power."

The Court further held:

"The Board can exercise only the authority
conferred upon it by law 'in clear and unmis-
takable terms, and will not be deemed to be
given by implication, nor can it be extended by
inference, but must be strictly construed.' 51
C.J. 56; State v. Robinson (Tex.Sup.), 30 S.W.2d
297." (Emphasis supplied)

Had the Legislature desired to confer authority upon the Board
to regulate or specify interest rates charged upon deferred premiums,
it easily could have done so. Instead, Article 5.42 has not been
amended since the release of Opinion No. S-179, some eight years
ago.

In view of the foregoing authorities and in the absence of any
language of the Insurance Code purporting to give the Board authority
to regulate rates of interest upon deferred premiums, we affirm the
holding of Opinion No. S-179 and respectfully advise you that the
State Board of Insurance does not have the authority to promulgate
the order set out in your opinion request.

Hon. Wm. Hunter McLean, Page 4 (C- 167 )

## SUMMARY

The State Board of Insurance does not have the authority to regulate the rate of interest charges on deferred premium payments. Opinion No. S-179 is affirmed.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Dudley D. McCalla
Dudley D. McCalla
Assistant

DDM/smd

APPROVED:

Opinion Committee
W. V. Geppert, Chairman
Joe R. Long
C. L. Snow, Jr.
Howard Fender
Gordon Appleman

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone